DATE FILED: August 25, 2016 4:43 PM
FILING ID: 366181E2F801C
CASE NUMBER: 2016CV33112

| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | |
|---|---|
| LISA PERRY,<br><br>Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., d/b/a Jarden Consumer Solutions; SUNBEAM AMERICAS HOLDINGS, LLC; JARDEN CORPORATION; NEWELL BRANDS, INC., f/k/a Newell Rubbermaid, Inc.; NCPF ACQUISITION CORP. I; NCPF ACQUISITION CORP. II; CRISA LIBBEY MEXICO S DE RL DE CV; LIBBEY INC., a/k/a Libbey Glass, Inc.; and FMR, LLC<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br><br>Michael O'B Keating, #33002<br>Melissa J. Sullivan, #39190<br>Keating Wagner Polidori Free, P.C.<br>1290 Broadway, Suite 600<br>Denver, CO  80203<br>Phone No.:  (303) 534-0401<br>Fax No.:     (303) 534-8333<br>Email:  Mkeating@keatingwagner.com<br>             msullivan@keatingwagner.com | Case Number:<br><br>Div:          Ctrm: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

    COMES NOW Plaintiff, Lisa Perry, by and through her counsel, Michael O'Brien Keating and Melissa J. Sullivan of the law firm Keating Wagner Polidori Free, P.C., and as her Complaint against Defendants, states and alleges as follows:

1

EXHIBIT A

## **PARTIES**

1. Plaintiff Lisa Perry (hereinafter "Plaintiff Perry") is a resident and citizen of the State of Colorado.

2. Defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions is a Delaware corporation with its principal place of business located at 2381 NW Executive Center Drive, Boca Raton, Florida. Its registered agent is The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

3. Upon information and belief, at all times material to the Complaint, Defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions was and is a wholly owned subsidiary of Defendant Sunbeam Americas Holdings, LLC, a Delaware limited liability company. Defendant Sunbeam Americas Holdings, LLC, has a principal place of business located at 2381 NW Executive Center Drive, Boca Raton, Florida, and its registered agent is The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

4. Upon information and belief, at all times material to the Complaint, Defendant Jarden Corporation was and is the sole member of Defendant Sunbeam Americas Holdings, LLC.

5. Upon information and belief, on April 15, 2016, as a result of a series of merger transactions, Defendant Jarden Corporation became a wholly owned subsidiary of Defendant Newell Brands, Inc., f/k/a Newell Rubbermaid, Inc. ("Defendant Newell"). Defendant Newell is a Delaware corporation with a principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia. The registered agent for Defendant Newell is Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware.

6. To accomplish the merger described in paragraph 5 above, Defendant Jarden Corporation merged with and into Defendant NCPF Acquisition Corp. I, with Defendant Jarden Corporation continuing as the surviving corporation. Immediately following the effectiveness of that merger, Defendant Jarden Corporation merged with and into Defendant NCPF Acquisition Corp. II., with Defendant NCPF Acquisition Corp. II continuing as the surviving corporation. NCPF Acquisition Corp. II was renamed and does business as Jarden Corporation. Upon information and belief, Defendant Jarden Corporation now has a principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia.

7. Currently, the registered agent for Defendant Jarden Corporation is Corporation Service Company located either at 1560 Broadway, Suite 2090, Denver, Colorado and/or at 2711 Centerville Road, Suite 400, Wilmington, Delaware. However, upon information and belief, the registered agent for Defendant Jarden Corporation for an incident occurring on November 23, 2014, is The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, Colorado.

8. The registered agent for Defendant NCPF Acquisition Corp. I is Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware.

9. The registered agent for Defendant NCPF Acquisition Corp. II is Corporation Service Company, located at 1560 Broadway, Suite 2090, Denver, Colorado.

10. Hereinafter, Defendants Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions; Sunbeam Americas Holdings, LLC; Jarden Corporation; Newell; NCPF Acquisition Corp. I; and NCPF Acquisition Corp. II are collectively referred to as the "Oster Defendants."

11. Upon information and belief, at all times material to the Complaint, the Oster Defendants were and/or are in the business of designing, manufacturing, assembling, fabricating, distributing, marketing and selling a diverse portfolio of consumer products, including blenders, under various brands, including, Oster®, throughout the United States, including Colorado.

12. Crisa Libbey Mexico S de RL de CV ("Defendant Crisa") is a Mexican corporation with its headquarters located at Jose Maria Vigil 400 Col Del Norte, Monterrey, Nuevo León 64580.

13. Defendant Crisa is a wholly owned subsidiary of Defendant Libbey Inc., a/k/a Libbey Glass Inc. ("Defendant Libbey"). Defendant Libbey is a Delaware corporation with a principal place of business located at 300 Madison Avenue, Toledo, Ohio. Its registered agent is Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware.

14. Defendant FMR LLC is a parent holding company of Defendant Libbey. Upon information and belief, Defendant FMR LLC is a Delaware corporation with a principal place of business located at 245 Summer Street, Boston, Massachusetts, and its registered agent is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

15. Hereinafter, Defendants Crisa; Libbey; and FMR LLC are referred to as the "Boroclass Defendants".

16. Upon information and belief, at all times material to the Complaint, the Boroclass Defendants were and/or are in the business of designing, manufacturing, assembling, fabricating, distributing, marketing and selling glass products, including glass containers for kitchen blenders, under various brands, including Boroclass, throughout the United States, including Colorado.

## VENUE

17. Venue is proper under C.R.C.P. 98.

## **GENERAL ALLEGATIONS**

18.     This action is to recover damages for personal injuries sustained by Plaintiff Perry.

19.     On September 11, 2014, Plaintiff Perry purchased the subject Oster® blender, P.N. 133093-005-000 (the "Blender"), from the Target store located at 4301 E. Virginia Avenue, Glendale, Colorado.

20.     On November 23, 2014, Plaintiff Perry resided at 195 S. Pennsylvania Street, #205, Denver, Colorado.

21.     On November 23, 2014, Plaintiff Perry was washing the glass container of the Blender when it spontaneously shattered in her hands (the "Incident").

22.     As a result of the Incident, Plaintiff Perry suffered a severe laceration to her left volar wrist which was measured to be one-and-a-half-centimeters deep. As a result of this laceration, Plaintiff Perry's flexor carpi radialis tendon ("FCR") in her left wrist was 75% lacerated and her palmaris longus ("PL") in her left wrist was completely lacerated.

23.     In addition, Plaintiff Perry suffered two lacerations to her fingers as a result of the Incident: (1) an one-half centimeter deep superficial laceration to her left middle finger, and (2) an one-half centimeter deep superficial laceration to her right fourth finger (i.e., right ring finger).

24.     On or around November 25, 2014, Ms. Perry underwent surgery to repair her lacerated FCR.

25.     At all times material to the Complaint, the Oster Defendants were and are manufacturers pursuant to C.R.S. § 13-21-401(1). Upon information and belief, they were and are engaged in the business of designing, manufacturing, assembling, fabricating, constructing, distributing, marketing and selling Oster® blenders, including the subject Blender, and/or the component parts of Oster® blenders, such as the glass containers of the blenders and all of the parts associated with or connected to such glass containers, prior to the sale of the Oster® blenders to consumers.

26.     At all times material to the Complaint, the Boroclass Defendants were and are manufacturers pursuant to C.R.S. § 13-21-401(1). Upon information and belief, they were and are engaged in the business of designing, manufacturing, assembling, fabricating, constructing, distributing, marketing and selling the glass containers of Oster® blenders, including the glass container of the subject Blender, prior to the sale of the Oster® blenders to consumers.

27. Upon information and belief, at all times material to the Complaint, the Oster Defendants provided the Boroclass Defendants with the specifications for the glass containers of Oster® blenders, including the glass container of the subject Blender, and the Boroclass Defendants manufactured the glass containers of Oster® blenders, including the glass container of the subject Blender, in accordance with such specifications.

28. The Oster Defendants and Boroclass Defendants sell Oster® blenders and the glass containers of such blenders in the United States, including the state of Colorado.

29. At all times material to the Complaint, the Oster Defendants and Boroclass Defendants purposefully availed themselves of the privilege of conducting business in the United States, including the state of Colorado.

30. The Oster Defendants and Boroclass Defendants have a joint interest in the sale of Oster® blenders that have glass containers from the Boroclass Defendants, as both the Oster Defendants and the Boroclass Defendants have an agreed upon financial interest in the product and they undertake the manufacture of the product or its component parts in joint cooperation.

31. It was both predictable and foreseeable that the Oster Defendants' Oster® blenders and/or the component parts of the Oster® blenders, such as the glass containers of the blenders and all of the parts associated with or connected to such glass containers, would be used in the United States, including the state of Colorado.

32. It was both predictable and foreseeable that the Boroclass Defendants' glass containers for Oster® blenders would be used in the United States, including the state of Colorado.

33. It was both predictable and foreseeable that the subject Blender and the component parts of the subject Blender, including its glass container, would be used in Colorado.

34. The glass container of the subject Blender spontaneously shattered due to defective design and defective manufacturing.

35. The defective and negligent design and manufacture of the glass container of the subject Blender includes, but is not limited to, the following:

    (a) Improper use of inappropriate or inadequate materials;

    (b) Improper method for embossing numbers and/or letters on the glass containers of Oster® blenders; and

    (c) Insufficient stress tolerance for glass containers of Oster® blenders.

36. The negligent design and manufacturing practices employed by the Oster Defendants and the Boroclass Defendants include, but are not limited to, the following:

5

(a) Inadequate oversight of and inspections during all phases of the manufacturing, fabrication and/or assembling of the subject Blender, the glass container of the subject Blender, and all of the parts associated with or connected to the glass container of the subject Blender;

(b) Failure to discover any weakness and/or impurity in the structural integrity of the glass container of the subject Blender;

(c) Failure to ensure safety and structural integrity of the glass container of the subject Blender;

(d) Failure to notice and correct preventable defects in the process of embossing numbers and/or letters on the glass container of the subject Blender; and

(e) Failure to oversee the embossing process properly.

37. The Oster Defendants' and Boroclass Defendants' manufacture and sale of the defective glass container of the subject Blender rendered the subject Blender and the glass container of the subject Blender unreasonably dangerous and defective. At the time the Oster Defendants and the Boroclass Defendants released the subject Blender and/or its glass container into the stream of commerce, non-defective blenders and their glass containers were economically and technologically feasible and their design would have been safer and significantly reduced the risk of injuries without substantially impairing the utility of the blender and its glass container.

38. Neither the Oster Defendants nor the Boroclass Defendants provided adequate safety warnings regarding the safety, quality or character of the glass container of the subject Blender. There were no adequate safety warnings readily available to alert Plaintiff Perry that the glass container of the subject Blender could spontaneously shatter or for her to follow regarding the proper procedure for washing the glass container of the subject Blender by hand.

39. The Oster Defendants and Boroclass Defendants knew that the glass container of the subject Blender would be dangerous and could cause injury if it shattered. Despite this knowledge, the Oster Defendants and Boroclass Defendants failed to warn consumers and users of the risk that the glass containers of Oster® blenders could spontaneously shatter and of precautions that could be taken to avoid injury in the event a spontaneous shattering occurred.

40. Plaintiff Perry was not notified of the defect.

41. The Oster Defendants and Boroclass Defendants have sufficient expertise, knowledge, availability and resources to inspect the subject Blender and the glass container of the subject Blender for defects and integrity prior to its sale.

42. The Oster Defendants and Boroclass Defendants failed to complete a reasonable inspection of the glass container of the subject Blender which inspection would have revealed, *inter alia*, that the structural integrity of the glass container was weakened and that there were weaknesses and/or impurities around embossed numbers and/or letters on the glass container of the subject Blender and, therefore, the glass container of the subject Blender was unsafe and unfit for its intended use.

43. The Oster Defendants and Boroclass Defendants intentionally disregarded the risk that the glass container of the subject Blender was capable of causing bodily injury.

44. Under foreseeable and predictable operation conditions, the glass container of the subject Blender should not spontaneously shatter.

45. The acts and omissions of all Defendants were the direct and proximate cause of Plaintiff's injuries, damages and losses in the case, including but not limited to Plaintiff Perry's permanent, incapacitating, and disfiguring personal injuries, economic and non-economic losses and permanent injury and disfigurement.

46. As a direct and proximate result of the conduct of all Defendants, Plaintiff Perry has suffered personal injuries. Plaintiff Perry has suffered economic losses, including costs for hospitals, physicians and therapists and for medical care and other medical expenses, and she will, in the future, continue to incur such expenses. Further, Plaintiff Perry incurred a significant loss of wages and earning capacity. Plaintiff Perry has also suffered non-economic losses such as physical, mental and emotional pain and suffering, emotional distress, inconvenience and impairment of the quality of life. In addition, Plaintiff Perry has been informed and alleges that her injuries are permanent and have resulted in a permanent physical impairment and permanent disfigurement.

47. Plaintiff Perry used the product in the manner and for the purpose for which it was intended and which could be reasonably expected. She did not misuse the product.

48. Defendants are not entitled to any of the protections afforded by Colorado Statutes in connection with the Plaintiff's complaint, including:

    (a)    C.R.S. § 13-21-111 (comparative negligence);

    (b)    C.R.S. § 13-21-111.5 (several liability);

    (c)    C.R.S. § 13-21-111.5 (responsible non-party);

    (d)    C.R.S. § 13-21-111.6 (collateral source); and

    (e)    C.R.S. § 13-21-111.7 (assumption of risk).

## FIRST CLAIM FOR RELIEF
## STRICT LIABILITY – OSTER DEFENDANTS

49. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

50. The Oster Defendants are manufacturers pursuant to C.R.S. § 13-21-401(1) because they were and are in the business of designing, assembling, making, fabricating, producing, constructing, or otherwise preparing Oster® blenders, including the subject Blender, and/or the component parts of Oster® blenders, such as the glass containers of the blenders and all of the parts associated with or connected to such glass containers, prior to the sale of the product to a user or consumer. Upon information and belief, the Oster Defendants created and furnished the Boroclass Defendants with specifications for the glass containers of the Oster® blenders which specifications are related to the defects alleged in the Complaint, and the Oster Defendants exercise some significant control over all or a portion of the manufacture of the glass containers of the Oster® blenders.

51. The Oster Defendants sold the subject Blender and the glass container of the subject Blender. The subject Blender and the glass container of the subject Blender were defective at the time they were sold.

52. Because of the defect, the subject Blender and the glass container of the subject Blender were unreasonably dangerous to a person who might reasonably be expected to use, consume, or be affected by the subject Blender and the glass container of the subject Blender.

53. On or about November 23, 2014, the subject Blender and the glass container of the subject Blender were being used by Plaintiff Perry in a foreseeable manner. Plaintiff Perry is a person who would reasonably be expected to use, consume or be affected by the product.

54. The subject Blender and the glass container of the subject Blender were expected to reach the user without substantial change in the condition in which they were sold. The subject Blender and the glass container of the subject Blender were placed in the stream of commerce and reached Plaintiff Perry in such defective condition without substantial change.

55. The defects in design, manufacture, inspection, labeling, and absence of warning made the subject Blender and the glass container of the subject Blender unreasonably dangerous, unfit and unsafe for its intended use, and caused the subject Blender and the glass container of the subject Blender to fail to perform as an ordinary user would expect, when used in their intended and foreseeable manner.

56. The subject Blender and the glass container of the subject Blender were manufactured without adequate quality control measures and using inappropriate manufacturing procedures. Such inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the in-use failure of the subject Blender and the glass container of the subject Blender on or around November 23, 2014.

57. The subject Blender and the glass container of the subject Blender were defective in design, assembly, and manufacture including, but not limited to failure to incorporate designs to reduce or eliminate hazards during the embossing process that would reduce or eliminate the hazard of spontaneous shattering during normal and foreseeable use.

58. The subject Blender and the glass container of the subject Blender were also defective in manufacture, including but not limited to lack of proper materials, and lack of proper construction, causing a catastrophic failure of the subject Blender and its glass container during normal use.

59. The subject Blender and the glass container of the subject Blender were also defective in design as they were not designed to be within proper safety and strength tolerances required for normal operational use.

60. The subject Blender and the glass container of the subject Blender were defective in labeling, including but not limited to lack of adequate warnings, and instruction labels, and lack of adequate instructions for use.

61. The subject Blender and the glass container of the subject Blender were defective in warranty, including but not limited to lack of adequate safety warnings accompanying their sale, and failure to incorporate adequate notice of the risks associated with use accompanying the subject Blender and the glass container of the subject Blender.

62. The Oster Defendants failed to recall the subject Blender and the glass container of the subject Blender and/or warn potential users in a timely manner of the risk of injury, of which it was actually aware, or should have been aware, through the exercise of ordinary care. Such warnings should have included warnings to its customers about the defective glass container of the subject Blender and the dangers of using such a defective product. The failure to warn was itself a product defect.

63. The Oster Defendants made to the public and/or potential users a misrepresentation of a material fact concerning the character or quality of the subject Blender and the glass container of the subject Blender.

64. Plaintiff Perry justifiably or reasonably relied upon the misrepresentation and suffered physical injury as a result.

65. The Oster Defendants benefitted financially from the character or quality representations of Oster® blenders and their component parts, including the subject Blender and the glass container of the subject Blender.

66. The defects in design, manufacture, inspection, labeling, and lack of warning were direct, proximate and producing causes of the failure of the subject Blender and the glass

9

container of the subject Blender on or around November 23, 2014, and as a result Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE – OSTER DEFENDANTS

67. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

68. At all times material hereto, the Oster Defendants had a duty to use reasonable care in the design, manufacture, warranty, and sale of the subject Blender and the glass container of the subject Blender.

69. The Oster Defendants breached their duty of reasonable care owed to Plaintiff Perry by:

    (a) Negligently designing the subject Blender and the glass container of the subject Blender;

    (b) Negligently assembling or constructing the subject Blender and the glass container of the subject Blender;

    (c) Negligently manufacturing the subject Blender and the glass container of the subject Blender;

    (d) Negligently failing to properly inspect for and detect the defect in the subject Blender and the glass container of the subject Blender;

    (e) Negligently testing or failing to test the subject Blender and the glass container of the subject Blender;

    (f) Negligently failing to adequately warn Plaintiff Perry of defects in the subject Blender and the glass container of the subject Blender which the Oster Defendants knew or should have known existed;

    (g) Failing to reasonably warn the consumers and expected users of a possible failure of the subject Blender and the glass container of the subject Blender;

    (h) Inadequate inspections at all phases of the manufacturing and assembly of the subject Blender and the glass container of the subject Blender;

    (i) Failure to follow proper rules or regulations relating to quality control, testing and good manufacturing processes;

(j) Utilizing a defective glass container for the subject Blender, which was not capable of handling ordinary use conditions or expected or anticipated use conditions;

(k) Failure to adequately test the subject Blender and the glass container of the subject Blender to ensure that it could handle ordinary use conditions or expected or anticipated use conditions;

(l) Failure to recall and/or remove the subject Blender and the glass container of the subject Blender from the stream of commerce; and

(m) Negligently failing to properly inspect for and detect the defect of the subject Blender and the glass container of the subject Blender.

70. As a direct and proximate result of the negligence of the Oster Defendants, Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint.

## THIRD CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY –
## OSTER DEFENDANTS

71. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

72. The Oster Defendants were responsible for selling the subject Blender and the glass container of the subject Blender. The plaintiff is a person who was reasonably expected to use, consume, or be affected by the subject Blender and the glass container of the subject Blender.

73. The Oster Defendants were merchants with respect to the subject Blender and the glass container of the subject Blender.

74. The subject Blender and the glass container of the subject Blender were not of merchantable quality at the time of sale. Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified Defendants of such breach.

75. As a direct and proximate result of the breach of warranty, Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint.

## FOURTH CLAIM FOR RELIEF
## STRICT LIABILITY – BOROCLASS DEFENDANTS

76.     Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

77.     The Boroclass Defendants are manufacturers pursuant to C.R.S. § 13-21-401(1) because they are in the business of designing, assembling, making, fabricating, producing, constructing, or otherwise preparing the glass containers of Oster® blenders, including the glass container of the subject Blender, prior to the sale of the product to a user or consumer.

78.     On or about November 23, 2014, the glass container of the subject Blender manufactured by and sold or distributed by the Boroclass Defendants, was being used by Plaintiff Perry in a foreseeable manner. Plaintiff Perry was a person who would reasonably be expected to use, consume, or be affected by the product. The product was defective at the time it was sold or distributed by the Boroclass Defendants or left their control.

79.     The glass container of the subject Blender was expected to reach the user without substantial change in the condition in which it was sold. The glass container of the subject Blender was placed in the stream of commerce and reached Plaintiff Perry in such defective condition without substantial change.

80.     The defects in design, manufacture, inspection, labeling, and absence of warning made the glass container of the subject Blender unreasonably dangerous, unfit and unsafe for its intended use, and caused the glass container of the subject Blender to fail to perform as an ordinary user would expect when used in an intended and foreseeable manner.

81.     The glass container of the subject Blender was manufactured without adequate quality control measures and using inappropriate manufacturing procedures. Such inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the in-use failure of the glass container of the subject Blender on or around November 23, 2014.

82.     The glass container of the subject Blender was defective in design, assembly, and manufacture including, but not limited to failure to incorporate designs to reduce or eliminate hazards during the embossing process that would reduce or eliminate the hazard of spontaneous shattering during normal and foreseeable use.

83.     The glass container of the subject Blender was also defective in manufacture, including but not limited to lack of proper materials, and lack of proper construction, causing a catastrophic failure of the glass container of the subject Blender during normal use.

84.     The glass container of the subject Blender was also defective in design as it was not designed to be within proper safety and strength tolerances required for normal operational use.

85. The glass container of the subject Blender was defective in labeling, including but not limited to lack of adequate warnings and instruction labels and lack of adequate instructions for use.

86. The glass container of the subject Blender was defective in warranty, including but not limited to lack of adequate safety warnings accompanying its sale or distribution, and failure to incorporate adequate notice of the risks associated with use and potential failure of the glass container of the subject Blender.

87. The Boroclass Defendants failed to recall the glass container of the subject Blender and/or warn potential users in a timely manner of the risk of injury of which it was actually aware, or should have been aware, through the exercise of ordinary care. Such warnings should have included warnings to its customers about the defective glass container of the subject Blender and the dangers of using such a defective product. The failure to warn was itself a product defect.

88. The Boroclass Defendants made to the public and/or potential users a misrepresentation of a material fact concerning the character or quality of its glass, including the glass container of the subject Blender.

89. Plaintiff Perry justifiably or reasonably relied upon the misrepresentation and suffered physical injury as a result.

90. The Boroclass Defendants benefitted financially from the character or quality representations of its glass, including the glass container of the subject Blender.

91. The defects in design, manufacture, inspection and lack of warning were direct, proximate and producing causes of the failure of the glass container of the subject Blender on or about November 23, 2014, and as a result Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE – BOROCLASS DEFENDANTS

92. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

93. At all times material hereto, the Boroclass Defendants had a duty to use reasonable care in the design, manufacture, warranty, sale, and distribution of the glass container of the subject Blender.

94. The Boroclass Defendants breached their duty of reasonable care owed to Plaintiff Perry by:

(a) Negligently designing the glass container of the subject Blender;

(b) Negligently assembling or constructing the glass container of the subject Blender;

(c) Negligently manufacturing the glass container of the subject Blender;

(d) Negligently failing to properly inspect for and detect the defect in the glass container of the subject Blender;

(e) Negligently testing or failing to test the glass container of the subject Blender;

(f) Negligently failing to adequately warn other Defendants and Plaintiff Perry of defects in the glass container of the subject Blender of which the Boroclass Defendants knew or should have known existed;

(g) Failing to reasonably warn the consumers and expected users of a possible failure of the glass container of the subject Blender;

(h) Inadequate inspections at all phases of the manufacturing and fabrication of the glass container of the subject Blender;

(i) Failure to follow proper rules or regulations relating to good manufacturing processes, quality control and testing;

(j) Utilizing improper materials or other materials which were not capable of handling ordinary use conditions or expected or anticipated use conditions;

(k) Failure to adequately test the glass container of the subject Blender to ensure that it could handle ordinary use conditions or expected or anticipated use conditions;

(l) Failure to recall and/or remove the glass container of the subject Blender from the stream of commerce; and

(m) Negligently failing to properly inspect the glass container of the subject Blender.

95. As a direct and proximate result of the negligence of the Boroclass Defendants, Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint.

## SIXTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY –
## BOROCLASS DEFENDANTS

96. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

97. The Boroclass Defendants were responsible for selling the glass container of the subject Blender. The plaintiff is a person who was reasonably expected to use, consume, or be affected by the glass container of the subject Blender.

98. The Boroclass Defendants were merchants with respect to the glass container of the subject Blender.

99. The glass container of the subject Blender was not of merchantable quality at the time of sale. Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified Defendants of such breach.

100. As a direct and proximate result of the breach of warranty, Plaintiff Perry suffered injuries, damages and losses as more fully set forth in paragraph 46 of this Complaint

## SEVENTH CLAIM FOR RELIEF
## JOINT AND SEVERAL LIABILITY – ALL DEFENDANTS

101. Plaintiff hereby incorporates all paragraphs as though fully set forth herein.

102. The Oster Defendants and Boroclass Defendants consciously conspired and deliberately pursued a common plan or design to commit one or more tortious acts involving the design, manufacture, assembly, fabrication, distribution, marketing and sale of a product that was defective and unreasonably dangerous for consumer use.

103. Pursuant to C.R.S. § 13-21-111.5(4), the Oster Defendants and Boroclass Defendants are jointly and severally responsible for the injuries, damages and losses suffered by Plaintiff Perry as a result of their conduct.

## JURY DEMAND

Plaintiff Perry requests a trial to a jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them in an amount that will compensate her for her injuries, economic and non-economic damages, physical impairment and disfigurement and for pre- and post-judgment interest as allowed by law, for all taxable costs and for such other and further relief as the Court deems proper.

DATED this 25th day of August 2016.

                Respectfully submitted,

                KEATING WAGNER POLIDORI FREE, PC

                */s/ Michael O'Brien Keating*

                Michael O'Brien Keating, #33002
                Melissa J. Sullivan, #39190
                1290 Broadway, Suite 600
                Denver, CO  80203
                Phone:  303-534-0401
                Fax:    303-534-8333
                E-mail: mkeating@keatingwagner.com
                         msullivan@keatingwagner.com

                ATTORNEYS FOR PLAINTIFF

<u>Plaintiff's Address:</u>
195 South Pennsylvania Street, #205
Denver, CO  80209